IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

THEODORE TSORAS,

    Plaintiff,

v.　　　　　　　　　　　　　　　　Civil Action No. 5:08CV121
　　　　　　　　　　　　　　　　　　　　　　　(STAMP)
GOVERNOR JOE MANCHIN, III,
in his official and individual capacity,
JOHN C. MUSGRAVE,
West Virginia Lottery Commission Director,
in his official and individual capacity,
MICHAEL A. ADAMS,
West Virginia Lottery Commission Member,
in his official and individual capacity,
KENNETH L. GREEAR,
West Virginia Lottery Commission Member,
in his official and individual capacity,
BILL CLAYTON,
West Virginia Lottery Commission Member,
in his official and individual capacity,
DAVID McCORMICK,
West Virginia Lottery Commission Member,
in his official and individual capacity,
and DON LUCCI,
West Virginia Lottery Commission Member,
in his official and individual capacity,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO DISMISS;
GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT;
DENYING DEFENDANTS' MOTION TO STRIKE
PLAINTIFF'S SUPPLEMENTAL MEMORANDUM;
DENYING AS MOOT DEFENDANT MUSGRAVE, ADAMS,
GREEAR, CLAYTON, MCCORMICK, AND LUCCI'S
MOTION FOR PROTECTIVE ORDER, OR
ALTERNATIVELY A STAY OF DISCOVERY; AND
GRANTING DEFENDANT MANCHIN'S MOTION
FOR A STAY OF DISCOVERY**

I.  Procedural History

    The plaintiff, Theodore Tsoras, filed a complaint against the defendants, Governor Joe Manchin, and West Virginia Lottery

Commission ("Lottery Commission") members John C. Musgrave, Michael A. Adams, Kenneth L. Greear, Bill Clayton, David McCormick and Don Lucci, in their individual and official capacities for violating equal protection and due process and asks for injunctive relief, declaratory relief and damages. The defendants filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to which the plaintiff responded. The defendants filed a reply. The plaintiff filed a supplemental memorandum in response. The defendants then filed a motion to strike that supplemental memorandum. The plaintiff also filed a motion to amend his complaint. In addition, defendant Governor Manchin and defendant Lottery Commission members filed two separate motions for a protective order, or alternatively for a stay of discovery. For the reasons set forth below, defendants Musgrave, Adams, Greear, Clayton, McCormick, and Lucci's motion to dismiss is granted; defendant Governor Manchin's motion to dismiss is denied without prejudice; the plaintiff's motion to amend his complaint is granted; the defendants motion to strike the plaintiff's supplemental memorandum is denied; defendant Governor Manchin's motion for a stay of discovery is granted; and defendants Musgrave, Adams, Greear, Clayton, McCormick, and Lucci's motion for a protective order or alternatively for a stay of discovery is denied as moot.

## II. Facts[1]

The plaintiff was convicted of gambling related offenses and two counts of conspiracy in federal court in 1990. Two years later, the plaintiff left prison and has had no further incidents with the law. In August 2005, the Mountaineer Casino Racetrack hired the plaintiff to work as a betting clerk/supervisor in off track betting. In addition, the West Virginia Racing Commission issued the plaintiff a license to work in this field.

On March 21, 2007, Governor Manchin signed the West Virginia Lottery Racetrack Table Games Act ("Table Games Act") into law. During the summer of 2007, the plaintiff attended classes and training and received certification as a table games dealer. The plaintiff applied for a table games dealer license in the fall of 2007. The Lottery Commission denied the plaintiff's application in November 2007. The plaintiff argued his equal protection claim and due process claims against the Lottery Commission before a hearing examiner in an administrative hearing, which provided for cross-examination, the presentation of evidence, specific legal standards, the opportunity to be represented by counsel, and an impartial decision maker. The plaintiff also had the opportunity to appeal his case to the Circuit Court of Kanawha County, West Virginia. It does not matter that the plaintiff did not appeal his case to the Circuit Court of Kanawha County. The administrative

---

[1] In accordance with the applicable standard of review, stated below, this Court will accept, for the purposes of deciding this motion, the factual allegations contained in the complaint as true.

hearing resulted in a final judgment on the merits once the time for plaintiff to file his appeal expired. The Hearing Examiner based her decision on the plaintiff's 1990 gambling conviction. The West Virginia Code states that the commission "may not" grant a license to an applicant who has a gambling related conviction. W. Va. Code Ann. § 29-22C-15(a)(3) (LexisNexis 2008). The Lottery Commission interprets the "may not" language of the statute to mean that any person with a gambling related conviction is prohibited from obtaining a license. The plaintiff points to the language of West Virginia Code § 29-22C-16 to show that a person who obtains a table games license and then is later convicted of a gambling related offense may lose his license at the discretion of the Lottery Commission. Thus, the plaintiff argues that he is being treated differently than a similarly situated felon who received his conviction after receiving his table games dealer license.

### III. Applicable Law

In assessing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a court must accept the factual allegations contained in the complaint as true. Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Dismissal is appropriate pursuant to Rule 12(b)(6) only if "'it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim.'" Id. at 143-44 (quoting Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969));

4

see also Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989).

Stated another way, it has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, at 298. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357, at 304, 310.

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted only in very limited circumstances. Rogers, 883 F.2d at 325. A dismissal under Rule 12(b)(6) is granted only in cases in which the allegations raised in the complaint clearly demonstrate that plaintiff does not have a claim and that no set of facts would support plaintiff's claim. 5A Wright & Miller, supra § 1357, at 344-45.

IV. Discussion

A. Defendants' Motion to Dismiss

1. Defendants Musgrave, Adams, Greear, Clayton, McCormick, and Lucci

In his complaint, the plaintiff asserts that defendants Musgrave, Adams, Greear, Clayton, McCormick, and Lucci, as members

5

of the Lottery Commission, deprived him of due process of law and denied him equal protection. The plaintiff, after litigating these claims in a final, impartial, judicial state administrative proceeding is precluded from bringing these claims against these defendants in this Court.

West Virginia Code § 29-22C-17 describes the process for challenging the initial decision of the Lottery Commission. The statute provides for a hearing before the Lottery Commission "takes any adverse action." W. Va. Code Ann. § 29-22C-17(a) (LexisNexis 2008). The hearing follows the procedures set forth in West Virginia Code § 29A-5-1. Under that statute, the person requesting a hearing may present evidence and argue with the assistance of counsel before a hearing conducted in an impartial manner. W. Va. Code. Ann. § 29A-5-1 (LexisNexis 2008). In addition, the applicant may file a petition for appeal in Circuit Court of Kanawha County within thirty days after the final order or decision. W. Va. Code Ann. § 29-22C-17(d) (LexisNexis 2008).

As mandated by the Full Faith and Credit Statute, 28 U.S.C. § 1738, this Court shall use the law of the state to determine if preclusion applies. Allen v. McCurry, 449 U.S. 90, 101 (1980); Dionne v. Mayor and City Council of Baltimore, 40 F.3d 677, 682 (4th Cir. 1994). Section 1738, however, does not cover state administrative decisions, but only prior judgments of state courts. Univ. of Tenn. v. Elliott, 478 U.S. 788, 794 (1986). Rather than looking to § 1738, the Supreme Court has held that "the traditional

principles of issue preclusion" mandate that federal courts "give a state administrative agency's factfinding the same issue preclusive effect it would receive in the state's own courts." Dionne, 40 F.3d at 682 (citing Elliott, 478 U.S. at 799); Clark v. Alexander, 85 F.3d 146, 151 (4th Cir. 1996). Thus, Elliott prevents federal courts from issuing inconsistent results from those already determined by a state administrative agency. Id. at 684-85; Gjellum v. City of Birmingham, 829 F.2d 1056, 1070 (11th Cir. 1987).

In West Virginia, "[c]ollateral estoppel is designed to foreclose relitigation of issues in a second suit which have actually been litigated in the earlier suit even though there may be a difference in the cause of action between the parties of the first and second suit." Holloman v. Nationwide Mut. Ins. Co., 617 S.E.2d 816, 821 (W. Va. 2005) (quoting Dodrill v. Nationwide Mut. Ins. Co., 491 S.E.2d 1, syl. pt. 2, in part (W. Va. 1996)). The West Virginia Supreme Court of Appeals has held that issue preclusion applies where four conditions are shown:

> (1) the issue previously decided is identical to the one presented in the action in question; (2) there is a final adjudication on the merits of the prior action; (3) the party against whom the doctrine is involved was party or in privity with a party to a prior action; and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

Arnold Agency v. West Virginia Lottery Comm'n, 526 S.E.2d 814, 827 (W. Va. 1999) (quoting State v. Miller, 459 S.E.2d 114, syl. pt. 1 (W. Va. 1995). The determination of the issue in the prior

proceeding must have been "essential to the judgment" for issue preclusion to apply. Rowe v. Grapevine Corp., 527 S.E.2d 814, 821 (W. Va. 1999).

In this case, all four elements of issue preclusion are met. The Hearing Examiner determined that the plaintiff was not denied due process of law or equal protection. The decision was final after thirty days because the plaintiff did not appeal to the state court and the decision was on the merits. The plaintiff was the person bringing the action in the administrative hearing. Finally, the plaintiff had a full and fair opportunity to litigate the issue in the prior action.

Before this Court can preclude the plaintiff from bringing these claims against these defendants, it must be determined whether the administrative panel acted in a judicial capacity and resolved disputed issues of fact properly before it and whether the plaintiff had an adequate opportunity to litigate his claims. Layne v. Campbell County Dep't of Soc. Services, 939 F.2d 217, 219 (4th Cir. 1991).

The plaintiff participated in a clearly judicial hearing with the Lottery Commission. The hearing involved the presentation of evidence and a decision using specific legal standards, in this case the West Virginia Code. The hearing procedures also provided an impartial hearing in front of an impartial hearing examiner, the right to an attorney, and the right to cross examine. See Clark, 85 F.3d at 151 (stating that a hearing judicial in nature entails

the presentation of evidence, a decision based on specific legal standards, the opportunity to confront witnesses, the right to have counsel, and the right to an impartial hearing).

The Hearing Examiner acted in a judicial capacity and resolved the issues of fact properly before her. "A federal court does not have the authority to review the factfinding of the administrative panel merely because [the plaintiff] is dissatisfied with the results." Layne, 939 F.2d at 221. Therefore, the plaintiff is precluded from litigating in this court his claims against the Lottery Commission. Accordingly, defendants Musgrave, Adams, Greear, Clayton, McCormick, and Lucci's motion to dismiss must be granted.

    2.   <u>Defendant Manchin</u>

In his complaint, the plaintiff alleges that he can sue Governor Manchin for signing the Table Games Act into law. State executive branch officers are protected by legislative immunity when exercising legislative power. "Under the doctrine of absolute legislative immunity, a governor cannot be sued for signing a bill into law." <u>Women's Emergency Network v. Bush</u>, 323 F.3d 937, 950 (11th Cir. 2003) (citing <u>Supreme Court of Va. v. Consumers Union of United States, Inc.</u>, 446 US 719, 731–34 (1980)). On this ground alone, the plaintiff does not have a claim.

The plaintiff, however, seeks to amend his complaint to allege that defendant Governor Manchin has a duty under the West Virginia Constitution to preserve the civil rights guaranteed under that

Constitution, an affirmative duty to require the execution of the valid laws, and a duty to decide whether an act of the Legislature is constitutional.

In response, the defendants state that the plaintiff's motion to amend presents no new claims that can be substantiated against the defendants. The defendants also contend that the amended complaint is being made for a dilatory motive and that it is futile. Finally, the defendants state that whether the Governor did or did not assess the act's constitutionality is an act or omission protected under the doctrine of legislative immunity.

Rule 15(a) grants the court broad discretion, and a court should grant leave to amend absent an improper motive such as undue delay, bad faith, or successive motions to amend that do not cure the alleged deficiency. See Ward Elec. Serv., 819 F.2d at 497. In Foman v. Davis, 371 U.S. at 182, the Supreme Court stated,

> In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. -- the leave should, as the rule requires, be "freely given."

After a review of the record, this Court concludes that the plaintiff has not exhibited any undue delay, bad faith or dilatory motive. The prejudice to defendant Governor Manchin is not so significant as to prevent this Court from allowing the amendment, and this Court cannot conclude that the plaintiff's amendment would be futile, as it raises substantive issues that this Court cannot

dismiss upon cursory review. Accordingly, this Court grants the plaintiff's motion to amend his complaint without the conditions sought by the defendants. Therefore, the motion to dismiss as to defendant Governor Manchin must be denied without prejudice.

B.  Motion to Strike

After the defendants filed their reply to their motion to dismiss, the plaintiff filed a "Supplemental Memorandum in Support of Motion in Opposition to Defendants' Motion to Dismiss." The defendants made a motion to strike the plaintiff's supplemental memorandum as an inappropriately filed reply and rebuttal to the defendants' reply. As appropriately stated by the defendants, Local Rule of Civil Procedure 7.02(b) does not contemplate a filing of a surreply and states that it shall not be filed except by leave of court. This Court, however, will not grant the defendants' motion to strike this supplemental memorandum because this court prefers to decide this particular motion on the merits and this Court cannot decide at this time if the motion is futile. Accordingly, the defendants' motion to strike is denied.

C.  Motion for Protective Order, or Alternatively for Stay of Discovery

1.  Defendant Manchin

Defendant Governor Manchin requests that this Court stay discovery as set forth in this Court's January 2, 2009 scheduling order. Defendant Governor Manchin's motion is granted because this Court granted the plaintiff's motion to amend his complaint and

11

denied defendant Governor Manchin's motion to dismiss without prejudice. A status and scheduling conference will be ordered to discuss these proceedings.

2. <u>Defendants Musgrave, Adams, Greear, Clayton, McCormick, and Lucci</u>

Defendants Musgrave, Adams, Greear, Clayton, McCormick, and Lucci's motion for a protective order or alternatively a motion for stay of discovery is denied as moot.

V. <u>Conclusion</u>

For the reasons stated above, defendants Musgrave, Adams, Greear, Clayton, McCormick, and Lucci's motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is GRANTED; defendant Governor Manchin's motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is DENIED WITHOUT PREJUDICE; the plaintiff's motion to amend his complaint is GRANTED; the defendants' motion to strike the plaintiff's supplemental memorandum is DENIED; defendant Governor Manchin's motion for stay of discovery is GRANTED; defendants Musgrave, Adams, Greear, Clayton, McCormick, and Lucci's motion for a protective order or alternatively for stay of discovery is DENIED AS MOOT.

The Clerk is DIRECTED to file the amended complaint which was attached to the plaintiff's motion to amend complaint, Docket No. 13. The plaintiff is DIRECTED to serve the amended complaint on defendant Governor Manchin. Defendant Governor Manchin shall make

12

any defenses pursuant to Federal Rule of Civil Procedure 12 and any counterclaims pursuant to Federal Rule of Civil Procedure 13.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: September 21, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE