```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


THEODORE TSORAS,

         Plaintiff,

v.                                      Civil Action No. 5:08CV121
                                                         (STAMP)
GOVERNOR JOE MANCHIN, III,
in his official and individual capacity,
JOHN C. MUSGRAVE,
West Virginia Lottery Commission Director,
in his official and individual capacity,
MICHAEL A. ADAMS,
West Virginia Lottery Commission Member,
in his official and individual capacity,
KENNETH L. GREEAR,
West Virginia Lottery Commission Member,
in his official and individual capacity,
BILL CLAYTON,
West Virginia Lottery Commission Member,
in his official and individual capacity,
DAVID McCORMICK,
West Virginia Lottery Commission Member,
in his official and individual capacity,
and DON LUCCI,
West Virginia Lottery Commission Member,
in his official and individual capacity,

         Defendants.
```

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO AMEND
AND/OR ALTER AND/OR VACATE AND/OR RECONSIDER
MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS;
GRANTING MOTION TO TAKE JUDICIAL NOTICE AS UNOPPOSED;
GRANTING DEFENDANTS' MOTION TO FILE SURREPLY AS UNOPPOSED;
AND DIRECTING THE CLERK TO FILE SURREPLY**

I.  Procedural History

Theodore Tsoras, the plaintiff in the above-styled civil action, filed a complaint in this Court, alleging that the defendants violated his equal protection rights and due process rights under the United States Constitution.  Specifically, the

plaintiff contends that the defendants wrongfully denied his application for a license to be employed in the operation of table games based upon his previous conviction for gambling related offenses. Thereafter, on September 21, 2009, this Court entered a memorandum opinion and order granting the West Virginia Lottery Commission defendants' motion to dismiss under the doctrine of collateral estoppel.[1]

The plaintiff filed a motion for this Court to reconsider the order. The defendants filed a response to which the plaintiff replied. The defendant filed a motion for leave to file a surreply, which is unopposed. In addition, the plaintiff filed a fourth motion for this Court to take judicial notice, which is unopposed. For the reasons set forth below, this Court denies the plaintiff's motion for reconsideration, grants as unopposed the plaintiff's fourth motion for this Court to take judicial notice, grants as unopposed the defendant's motion for leave to file a surreply, and directs the Clerk to file the surreply.

## II.  Applicable Law

The plaintiff files his motion to alter or amend pursuant to Federal Rule of Civil Procedure ("Rule") 59(e). The United States Court of Appeals for the Fourth Circuit has recognized three grounds for amending an earlier judgment: (1) to accommodate an

---

[1] On October 19, 2009, the plaintiff voluntarily dismissed defendant Governor Joe Manchin, III, in his official and individual capacity, without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Id. A Rule 59(e) motion may not be used to relitigate old matters and is an extraordinary remedy that should be used sparingly. Id. It is improper to use such a motion to ask the court to "rethink what the court has already thought through--rightly or wrongly." Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

### III.  Discussion

The plaintiff argues that this Court should alter or amend its order dismissing the action. The plaintiff makes three specific objections to this Court's order: (1) that nowhere in his complaint did the plaintiff plead or allege that the hearing examiner determined that the plaintiff was not denied due process of law or equal protection; (2) that none of the hearing examiner's findings should be afforded preclusive effect because the plaintiff had a heavier burden of persuasion in the administrative proceedings; and (3) that the recommendations of the hearing examiner and the Lottery Commission were not final decisions on the merits and that

there is no prerequisite that the plaintiff exhaust state remedies to bring a 42 U.S.C. § 1983 action.

The plaintiff's first objection that this Court could not determine whether the hearing examiner made any determination with regard to the plaintiff's due process or equal protection arguments because the plaintiff did not plead that information in his complaint and the defendant did not raise it in their motion to dismiss is without merit.  In their motion to dismiss, the defendants argued that this Court should find that the plaintiff was afforded procedural due process at the administrative level, which brought the issue of collateral estoppel to this Court's attention.  The defendants then described the hearing process.  In addition, the plaintiff, in his response to the motion to dismiss, included an exhibit which consisted of a letter and motion to Hearing Examiner Carole Bloom.  The plaintiff also provided this Court with a transcript of the administrative hearing as an exhibit to the plaintiff's second request for judicial notice in support of its response in opposition to the defendants' motion to dismiss. The plaintiff, at that time, not only asked this Court to review these documents, but also correctly informed this Court that it was appropriate to review these documents without converting the motion into a motion for summary judgment.  See Walker v. Kelly, 589 F.3d 127, 139 (4th Cir. 2009) ("[A] federal court may consider matters of public record such as documents from prior state court proceedings in conjunction with a Rule 12(b)(6) motion.").  In

support of its contention for this Court to review these documents, the plaintiff stated that the pleading to the hearing examiner was "a record of an administrative agency capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  As to the transcript of the administrative hearing, the plaintiff stated that "[i]t is the only evidence presented at the administrative hearing regarding this action and is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  This Court finds the plaintiff's first objection to the memorandum opinion and order inexplicable given the plaintiff's initial request and proper citation to Fourth Circuit law stating that this Court could review those public record documents without converting the motion to a motion for summary judgment.  Accordingly, this Court does not find that altering or amending the order because of the plaintiff's first objection is necessary to prevent manifest injustice.

The plaintiff's second argument that collateral estoppel does not apply because of different burdens of persuasion is also without merit.  The plaintiff is correct that "the doctrine [of collateral estoppel] does not apply 'where the party against whom the doctrine is invoked had a heavier burden of persuasion <u>on that issue</u> in the first action than he does in the second, or where his adversary has a heavier burden in the second action than he did in the first.'"  <u>McHan v. Comm'r of the Internal Revenue</u>, 559 F.3d 326, 331 (4th Cir. 2009) (emphasis added) (quoting <u>Collins v. Pond</u>

Creek Mining Co., 468 F.3d 213, 217-18 (4th Cir. 2006)). However, the plaintiff fails to correctly apply that principle of law.

In McHan, the plaintiff failed to report the income from his illegal purchase and sale of marijuana on his federal income tax returns. Id. at 329. As a result, McHan faced both a criminal prosecution, which included a criminal forfeiture count, and a civil tax collection proceeding pursued by the Internal Revenue Service ("IRS"). Id. The district court first issued a criminal forfeiture judgment, in which it established the amount of his illegal profits. Id. at 330. He argued to the tax court in the second proceeding that the IRS was collaterally estopped from litigating the amount a second time. Id. Holding that the doctrine of collateral estoppel did not apply because the burden of proof was different in the two actions, the tax court declined to accept the plaintiff's argument. Id. The Fourth Circuit affirmed the court's holding. Id. at 331.

In the present case, there are no facts in dispute. The Lottery Commission denied the plaintiff a license because he is a convicted felon. The standard for denial of a license is clear and convincing evidence. In contrast to McHan, the plaintiff is not challenging a previously litigated fact where the burden of persuasion changed. The burden of persuasion has no bearing on the plaintiff's constitutional arguments because the plaintiff admits he is a convicted felon. That is his very challenge to the constitutional validity of the statute. In his proposed order to

the hearing examiner, the plaintiff asked for a finding that the denial of the license is a violation of the Equal Protection Clause and the Due Process Clause.  He argues that because the state denied him a license because of his status, his constitutional rights to due process and equal protection were denied.  At the hearing, the plaintiff had a full and fair opportunity to litigate those issues.  The plaintiff had counsel present, called witnesses, entered documents into evidence, and gave testimony.  This is exactly the type of issue the doctrine of collateral estoppel seeks to bar from re-litigation.

The plaintiff further argues that the doctrine of collateral estoppel cannot apply here because the hearing examiner did not make a determination on the merits as to the plaintiff's Due Process and Equal Protection claims.  In a footnote in her opinion, the hearing examiner acknowledged that the plaintiff argued that the statute violated his due process and equal protection rights, but that the issues were unnecessary to the determination of the material issues in the matter because the plaintiff did not prove his fitness for licensure.  In support of his position, the plaintiff cites several cases out of context for the proposition that 42 U.S.C. § 1983 claims do not require exhaustion.  As discussed in this Court's memorandum opinion and order, Supreme Court case law is clear that state court judgments are to be given both issue and claim preclusive effect in subsequent actions under § 1983.  See Univ. of Tenn. v. Elliott, 478 U.S. 788, 797 (1986)

("[N]othing in the language of § 1983 remotely expresses any congressional intent to contravene the common-law rules of preclusion or to repeal the express statutory requirements of the predecessor of [the full faith and credit statute].").

The plaintiff believes that because the hearing examiner did not make an explicit decision as to the due process and equal protection claims, the issue is not identical to the ones presented to this Court. Whether the administrative hearing examiner decided this case based on the due process and equal protection arguments does not matter for the purposes of collateral estoppel. See 1B Martin A. Schwartz, Section 1983 Litigation, § 11.08[B] (4th ed. 2009) ("The fact that the state court decision did not expressly discuss the federal claim, and only implicitly rejected it, does not mean that the state court denied a full and fair opportunity to litigate those issues."). As mentioned above, the plaintiff had a full and fair opportunity to litigate the due process and equal protection issues of the constitutionality of being denied a table games license for his prior conviction of a gambling related offense in the state proceedings. The hearing transcript clearly shows that the plaintiff not only raised these issues at the hearing, but also was asked by the hearing examiner to brief them. Hearing Examiner Bloom acknowledged that the plaintiff could file proposed findings of fact and conclusions of law regarding "certain legal issues . . . that [the plaintiff has] brought up, due process and rules of construction . . ." The hearing examiner also stated

8

that "[the plaintiff has] indicated that [he has] a due process argument . . . . [The plaintiff] need[s] to identify those issues and probably brief them in a discussion section." The plaintiff's counsel responded, "you want us to clearly designate what our legal argument is in the discussion section?" Hearing Examiner Bloom responded that she did. Therefore, the plaintiff had the opportunity both to argue the issues at the hearing and to present the issue in its proposed findings of fact and conclusions of law, which the plaintiff did include in his proposed order.

The plaintiff argues that the statutory language states that he "may", not "shall", appeal the action to the Circuit Court of Kanawha County, West Virginia. While the language is permissive in the statute, that does not bar this Court's application of collateral estoppel. At the hearing, the plaintiff had counsel, called witnesses, entered documents into evidence, and gave testimony. The plaintiff appealed to the lottery commission, which denied his appeal. The next step for the plaintiff was to take his appeal to the Circuit Court of Kanawha County, which the plaintiff chose not to do. Because the plaintiff did not appeal to the state court within thirty days, the agency decision became a final decision on the merits. See W. Va. Code § 29A-5-4(b) ("Proceedings for review **shall** be instituted by filing a petition, <u>at the election</u> of the petitioner, in either the Circuit Court of Kanawha County . . . within thirty days after the date upon which such party received notice of the final order or decision of the

9

agency.") (emphasis added).  The plaintiff cannot now take his appeal on the due process and equal protection issues to this Court.  As the proper court for this challenge was the Circuit Court of Kanawha County, the plaintiff now essentially attempts to appeal his decision from the state court system below, which this Court cannot allow.

The plaintiff's arguments do not cause this Court to reconsider its findings.  Indeed, the plaintiff makes objections that this Court has already throughly considered and discussed in its memorandum opinion and order.  The plaintiff has not submitted any new evidence that would warrant altering or amending this Court's earlier order.  Furthermore, there has been no change in the controlling law since this Court issued its order, and this Court does not find that altering or amending the order is necessary to prevent manifest injustice.

## IV. Conclusion

For the reasons stated above, the plaintiff's motion to amend and/or alter and/or vacate and/or reconsider this Court's September 21, 2009 memorandum opinion and order granting the defendants' motion to dismiss is DENIED.  The plaintiff's fourth motion for judicial notice is GRANTED AS UNOPPOSED.  The defendants' motion for leave to file a surreply is GRANTED AS UNOPPOSED.  Finally, the Clerk is DIRECTED to file the surreply.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this order to the counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter in favor of defendants John C. Musgrave, Michael A. Adams, Kenneth L. Greear, Bill Clayton, David McCormick, and Don Lucci.

DATED:     April 5, 2010

                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE